NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| CHRISTOPHER CHEMI, et al., | Civil Action No. 05-1238(WHW) |
| Plaintiffs, |  |
| v. |  |
| CHAMPION MORTGAGE, et al., | **OPINION**<br>February 21, 2006 |
| Defendants. |  |

**SUSAN D. WIGENTON, UNITED STATES MAGISTRATE JUDGE:**

Plaintiffs Christopher Chem, *et al.* (collectively "Plaintiffs") initiated this action against Defendants Champion Mortgage, *et al.* (collectively "Defendants") alleging violations of the Fair Labor Standards Act ("FLSA"). Plaintiffs now filed the current motion to amend their Complaint seeking to include claims under the New Jersey Wage and Hour Law and N.J.S.A. 34:11-56(a) *et seq*. In addition, Plaintiffs request leave to file a state-wide class action claim for unpaid overtime under New Jersey Law. After reviewing submissions from both parties, the Court, pursuant to *Fed. R. Civ. P.* 78, decides this motion without oral argument. Plaintiffs' motion is GRANTED and Plaintiffs' request for leave to file a class action claim is GRANTED.

**Background Facts**

On or about March 2005, Plaintiffs, similarly situated loan officers of Champion Mortgage, filed this action alleging that Defendants improperly classified them as exempt under the FLSA. As a result, Plaintiffs allege that Defendants precluded them from receiving overtime pay.

Subsequently, on or about June 2005, Plaintiffs filed a motion to proceed as a collective action under 29 U.S.C. § 216(b) before the Honorable William H. Walls, which is currently pending. More than 50 individuals have submitted valid opt-in consent forms seeking to join this litigation.

On or about July 2005, Plaintiffs filed their first motion to amend the Complaint, which was consented to by Defendants, to include other named defendants in this action. Now, Plaintiffs seek to amend the Complaint once again to raise similar state law claims under the New Jersey Wage and Hour Law against Defendants. In addition, Plaintiffs request for leave of Court to file a class action claim against Defendants for unpaid overtime. Plaintiffs seek lost wages, liquidated damages, and attorney's fees associated with these alleged violations.

**Rule of Law**

Federal Rule of Civil Procedure 15(a) provides that leave to amend a pleading "shall be freely given when justice so requires." *Fed. R. Civ. P.* 15(a). The decision to grant or deny leave to amend a pleading is within the discretion of the court. *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). Rule 15(a) requires that "[i]n the absence of any apparent or declared reason - - such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.- - the leave sought should, as the rules require, be freely given." *Foman*, 371 U.S. at 182 (citation omitted); *See Grayson v. Mayview State Hospital*, 293 F.3d 103, 108 (3d Cir. 2002) ("amendment must be permitted . . . unless it would be inequitable or futile").

Futility means that the complaint, as amended, would fail to state a claim upon which relief could be granted. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997).

In assessing futility, the court applies the same standard of legal sufficiency as it applies under *Fed. R. Civ. P.* 12(b)(6). *See Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000). Accordingly, if a claim is vulnerable to dismissal under Rule 12(b)(6), but the plaintiff moves to amend, leave to amend generally must be granted unless the amendment would not cure the deficiency. *See id.*

On a motion to dismiss pursuant to Rule 12(b)(6), the court is required to accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and to view them in the light most favorable to the non-moving party. *See Oshiver v. Levin, Fishbein, Sedran & Berman,* 38 F.3d 1380, 1384 (3d Cir. 1994). The question is whether the claimant can prove any set of facts consistent with his or her allegations that will entitle him or her to relief, not whether that person will ultimately prevail. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). While a court will accept well-plead allegations as true for the purposes of the motion, it will not accept unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. *See Miree v. DeKalb County, Ga.*, 433 U.S. 25, 27 n. 2 (1977). Moreover, the claimant must set forth sufficient information to outline the elements of his claims or to permit inferences to be drawn that these elements exist. *See Fed. R. Civ. P.* 8(a)(2); *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

**Discussion**

Defendants assert that Plaintiffs have not offered any explanation for seeking an amendment at this juncture. Therefore, Defendants claim that Plaintiffs' motion is made in bad faith and for a dilatory motive. However, while Plaintiffs have not offered any sound reasoning for the delay in seeking this amendment, Defendants have not satisfied their burden of showing that the delay is unduly prejudicial. The inquiry, here, is whether Plaintiffs' delay in seeking an amendment would

result "in additional discovery, costs, and preparation to defend against new facts or new theories." *Cureton v. National Collegiate Athletic Association*, 252 F.3d 267, 273 (3d Cir. 2001)(citations omitted).  Plaintiffs have filed this motion within the deadline set forth by the Court.  Discovery deadlines have not been designated, thus, discovery has not concluded.  Further, as the state law claims and the FLSA claims are similar, the state law claims would not warrant new discovery.  As such, Defendants will not be unduly prejudiced by the amendment.

Defendants also assert that the amendment will increase the cost of defense and create a complex litigation, which would result in prejudice towards them. The Court disagrees.  In the absence of dilatory motive or bad faith on the part of Plaintiffs, the Court will not assess the cost of litigation resulting from complexity.

The Court will exercise supplemental jurisdiction over Plaintiffs' proposed state law claims, under the New Jersey Wage and Hour Law, pursuant to 28 U.S.C. § 1367.  For a federal court to retain jurisdiction of state law claims under pendent jurisdiction, "the state and federal claims must derive from a common nucleus of operative fact."  *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725 (1966).  Generally, when "without regard for their federal or state character, a plaintiff's claims are such that he would ordinarily be expected to try them all in one judicial proceeding, then, assuming substantiality of the federal issues, there is power in federal courts to hear the whole." *Id.*  The Third Circuit has developed a three-tier test for analyzing issues of pendent jurisdiction in *Ambromovage v. United Mine Workers of America*, 726 F.2d 972 (3d Cir. 1984).  (1) Whether the pendent state claims and the federal claim on which jurisdiction is based derive from a common nucleus of operative facts; (2) whether the exercise of jurisdiction would violate a specific federal policy decision limiting federal jurisdiction; (3) fairness to litigants and judicial economy in

the interest of federalism. *Id.* at 989-91.

Defendants improperly relied on *De Asencio v. Tyson Foods, Inc.*, 342 F.3d 301 (3d Cir. 2003). At this stage, the issue of class certification under *Fed. R. Civ. P.* 23 is not ripe for a decision as Plaintiffs have not filed their motion. The Court decides this motion solely as it relates to named Plaintiffs in the Complaint. Applying the three-tier test, set forth above, the Court finds that it has supplemental jurisdiction over Plaintiffs' state law claims. First, both the state law claims and the FLSA claims arise out of the same common nucleus of operative fact. In fact, the New Jersey Wage and Hour law is the same type of claim asserted under the FLSA. Next, the Court finds no substantive federal policy that precludes federal jurisdiction over Plaintiffs' state law claims.[1] Finally, judicial economy and fairness to both parties will not be served if Plaintiffs' state law claims are brought separately in state court at this juncture.

Thus, the Court hereby holds that Plaintiffs' motion to include state law claims against Defendants is GRANTED. Plaintiffs' request for leave to file for class certification under *Fed. R. Civ. P.* 23 is GRANTED. An Order will be executed to reflect this Opinion.

s/SUSAN D. WIGENTON<br>UNITED STATES MAGISTRATE JUDGE

---

[1] Although Defendants raised policy issues involving the Court's ability to assert supplemental jurisdiction over Plaintiffs' state law claims in a class action, the Court will not address these issues as they are not ripe.

Orig: Clerk
cc: District Judge
 Parties
 File